## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DOMENIC TRICOME | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EBAY, INC. | : | NO. 14-5719 |

### MEMORANDUM

**ROBRENO, J.**                                      **OCTOBER    , 2014**

Plaintiff Domenic Tricome filed this action against eBay, Inc. His claims are related to a

prior lawsuit he initiated against eBay in this district, which was transferred to the Northern

District of California and subsequently dismissed. Plaintiff also filed a motion to proceed *in*

*forma pauperis*, which the Court will grant. For the following reasons, the Court will dismiss the

complaint.

### I.    FACTS[1]

In 2009, plaintiff, through counsel, filed an amended complaint in this district against

eBay raising state law claims of fraud, negligence, gross negligence, breach of contract, and

negligent infliction of emotional distress, and a federal claim under § 1 of the Sherman Antitrust

Act, based on eBay's termination of his user account. *See Tricome v. Ebay, Inc.*, Civ. A. No. 09-

2492 (E.D. Pa.) (Document No. 15). Plaintiff alleged that, by terminating his account, eBay

deprived him of his main source of income and forced him to sell his business at a fraction of

what it was worth. The Honorable C. Darnell Jones II transferred the case to the Northern

District of California because plaintiff had agreed to a forum selection clause by accepting

---

[1] The following facts are taken from plaintiff's complaint, the "amended complaint" plaintiff
attached to his complaint, and publicly available records of related judicial proceedings that
plaintiff references in his complaint.

1

eBay's user agreement. The case proceeded in the Northern District of California, but was

ultimately dismissed without prejudice for failure to prosecute after plaintiff failed to appear at a

case management conference and failed to respond to an order to show cause. *See Tricome v.*

*Ebay, Inc.*, Civ. A. No. 10-3214 (N.D. Cal.) (Document No. 85). The dismissal was affirmed on

appeal. *Id.* (Document No. 106). Plaintiff petitioned the United States Supreme Court for

certiorari, and his petition was dismissed.

Plaintiff subsequently filed a "motion to re-transfer" under the docket number given to

his case when it was initially filed in the Eastern District of Pennsylvania. In that motion,

plaintiff indicated that Judge Jones erred in transferring his case and claimed that eBay

committed perjury. *Tricome v. Ebay, Inc.*, Civ. A. No. 09-2492 (E.D. Pa.) (Document No. 36).

Judge Jones denied the motion for lack of jurisdiction.

On October 7, 2014, plaintiff initiated this lawsuit, alleging that:

> Throughout the [earlier] lawsuit . . . , eBay committed fraud by filing that they terminated
> our contract, because they thought that I worked for another company. After they learned
> that I did not work for that company, they filed that they had other reasons, which they
> did not provide, because there are not any.

(Compl. ¶ III.C.) Aside from that paragraph, the only other basis for the instant lawsuit is set

forth in a copy of the amended complaint plaintiff filed in the 2009 action, which he attached to

and referenced throughout his pleading in this action.

Based on the above, the Court understands plaintiff to be refiling his fraud, negligence,

gross negligence, breach of contract, negligent infliction of emotional distress, and antitrust

claims as pled in his 2009 amended complaint. The Court also understands plaintiff to be raising

fraud claims based on eBay's alleged misrepresentations in the previously-filed proceedings.

Notably, on the same day he filed the instant action, plaintiff filed two motions in the California

action—a "Motion for Fraud on and Upon the Court" and a "Motion for Reconsideration

2

Pursuant to Fed. R. Civ. P. 60(b)"—in which he essentially seeks reopening of his case and a transfer of the lawsuit back to this district. *See Tricome v. Ebay, Inc.*, Civ. A. No. 10-3214 (N.D. Cal.) (Document Nos. 112 & 113).

## II.     STANDARD OF REVIEW

As plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint if fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). To survive dismissal for failure to state a claim, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also consider matters of public record. *See City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013).

## III.     DISCUSSION

The claims that plaintiff raised in his prior lawsuit against eBay, which are articulated in the amended complaint attached to the initial pleading in this action, are time-barred. Plaintiff's tort claims for negligence, gross negligence, and negligent infliction of emotional distress are governed by a two-year limitations period, regardless of whether Pennsylvania or California law applies, *see* Cal. Code Civ. Pro. § 335.1; 42 Pa. Cons. Stat. § 5524, while his breach of contract claim is governed by a four-year limitations period. *See* Cal. Code Civ. Pro. § 337(1); 42 Pa. Cons. Stat. § 5525. Pennsylvania's statute of limitations for fraud claims is two years, while a three-year statute of limitations applies to fraud claims under California law. *See* Cal. Code Civ. Pro § 338(d); 42 Pa. Cons. Stat. § 5524(7). The statute of limitations begins to run as soon as the

3

right to institute and maintain a suit arises, but may be tolled until the plaintiff knew or should
have known, through the exercise of due diligence, of his injury and its cause. *See Birsbane
Lodging, L.P. v. Webcor Builders, Inc.*, 216 Cal. App. 4th 1249, 1257 (Cal. Dist. Ct. App. 2013);
*Morgan v. Petroleum Prods. Equip. Co.*, 92 A.3d 823, 828-29 (Pa. Super. Ct. 2014).

Plaintiff's claims accrued at some point before he initiated his first action against eBay in
2009, as the events giving rise to those claims and plaintiff's sale of his business occurred by that
time.  It is also apparent, in light of the prior lawsuit, that plaintiff was aware of his injuries and
their cause by 2009.  However, plaintiff filed this lawsuit on October 7, 2014, which is well
outside the relevant limitations periods.  The dismissal without prejudice of plaintiff's lawsuit in
the Northern District of California for failure to prosecute his claims does not save his new
lawsuit from being time-barred.[2] *See Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*,
721 F.2d 68, 77 (3d Cir. 1983) ("It is a well recognized principle that a statute of limitations is
not tolled by the filing of a complaint subsequently dismissed without prejudice."); *Wood v.
Elling Corp.*, 572 P.2d 755, 758 (Cal. 1977) ("[A] party cannot deduct from the period of the
statute of limitations applicable to his case the time consumed by the pendency of an action in
which he sought to have the matter adjudicated, but which was dismissed without prejudice to
him . . . ." (quotations omitted)); *cf. Rosenberg v. Nicholson*, 597 A.2d 145, 147 (Pa. Super. Ct.
1991) (second complaint filed after dismissal of first complaint without prejudice for improper
service was untimely).

Plaintiff's claim that eBay violated § 1 of the Sherman Act is also time barred.  Claims
brought under that provision are subject to a four-year statute of limitations that generally
"begins to run when a defendant commits an act that injures the plaintiff's business." *Toledo*

---

[2] The Court cannot discern any basis for tolling, especially in light of plaintiff's failure to
diligently prosecute his first lawsuit.

*Mack Sales & Serv., Inc. v. Mack Trucks, Inc.*, 530 F.3d 204, 217 (3d Cir. 2008) (quotations omitted). All of the damage to plaintiff's business occurred before he filed his amended complaint in 2009, when he was forced to sell the business due to the loss of income after eBay terminated his account. As plaintiff did not file this lawsuit until October of 2014, his claim is time-barred.

In any event, plaintiff has not stated a claim under § 1 of the Sherman Act. That provision prohibits "a contract [or] . . . conspiracy in restraint of trade or commerce . . . ." 15 U.S.C. § 1. To state a claim under that section, the complaint must set forth facts establishing that the alleged anticompetitive conduct stems from an agreement. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Here, plaintiff has pled that eBay uses its monetary power to acquire new companies to gain market share and that business owners such as himself were obligated to open an eBay account to stay competitive. Thus, according to plaintiff, he was essentially forced out of business when eBay's terminated his account. Even if those allegations are true, the unilateral actions of a single enterprise do not give rise to liability under § 1. *See Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769-70 (1984). Although plaintiff also alleges that eBay "conspired and contracted to restrain interstate trade," such a conclusory statement is entitled to no weight and is unsupported by any facts. Plaintiff has therefore failed to state a claim under § 1 of the Sherman Act.[3]

Turning to plaintiff's fraud claims stemming from eBay's conduct in connection with the prior litigation, he has not stated a plausible claim. The elements of fraud are "(1) [a] representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading

---

[3] In any event, the amended complaint does not plausibly establish that eBay was acting in an anticompetitive manner rather than competing in the marketplace on the merits.

another into relying on it; (5) justifiable reliance on the misrepresentation; and, (6) the resulting injury was proximately caused by the reliance." *Joyce v. Erie Ins. Exch.*, 74 A.3d 157, 166-67 (Pa. Super. Ct. 2013) (citation omitted); *see also Hinesley v. Oakshade Town Ctr.*, 135 Cal. App. 4th 289, 294 (Cal. Dist. Ct. App. 2005). Here, plaintiff alleges that eBay "committed fraud" in the course of the prior lawsuit by misrepresenting the reasons why it terminated his user account. However, he does not allege that he or anyone else relied upon those misrepresentations, or that he suffered any injury. Indeed, it is difficult to discern any basis for an injury here because plaintiff's lawsuit was dismissed due to his own failure to prosecute his claims, rather than any statements eBay made about the reasons for terminating his user account. In any event, if plaintiff believes that any of eBay's actions justify reopening his previously-file case, he must proceed in the Northern District of California. Notably, he has already filed motions to reopen his case.

As the majority of plaintiff's claims are time-barred and as the Court cannot discern a plausible basis for plaintiff's fraud claims, which are better addressed by the Northern District of California in any event, amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows, which shall be docketed separately.